PEDRO JOSÉ SANTIAGO Y MENDOZA, Petitioner, *v.* DISTRICT
COURT OF GUAYAMA, Respondent.

No. 1268. Argued February 2, 1942.—Decided February 6, 1942.

*M. Guzmán Texidor* for petitioner. *Frank Martínez, Sebastián Garcia,* and *Enrique Campos del Toro* for intervener.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts giving rise to this case, as the same appear from the record sent up ·by the District Court of Guayama, are as follows:

The Federal Land Bank of Baltimore brought a summary foreclosure proceeding against the heirs of Fidel María Santiago, one of whom was the petitioner herein. After the preliminary steps had been taken, the district court issued a writ to the marshal directing him to sell at public auction the mortgaged property and, in compliance therewith, the marshal sold and awarded the property to the foreclosing bank.

On September 21, 1936, Pedro Santiago Mendoza, petitioner herein, brought an action against the said bank to set aside the public sale on the ground that the property was sold by the marshal after a single auction had been held and without complying with the provisions of Act No. 81 of May 13, 1936 (Session Laws, p. 432), as no request for a valuation of the property was made in order to prepare the announcement of the sale.

The defendant bank in its answer admitted the facts alleged in the complaint, and pleaded as a defense that, since

the demand for payment had been served on April 25, 1936, that is, 19 days before said Act of May 13, 1936, went into effect, the said act was not applicable to the foreclosure proceeding already instituted. The bank, moreover, filed a cross complaint claiming the sum of $15,727.24.

At the trial held on May 3, 1940, counsel for the Federal Land Bank stated that the bank admitted as true the averments of the complaint and of the bill of particulars, and plaintiff's attorney stated that his client admitted as true the averments of the cross complaint, the case being thus submitted for final decision. A judgment was entered on March 20, 1941, (a) setting aside the foreclosure proceeding, the auction sale and award of the property and the record thereof in the registry; and (b) sustaining the cross complaint for $13,100.69.

On April 21, 1941, Pedro José Santiago Mendoza, plaintiff, appealed from that part of the judgment sustaining the cross complaint. The bank took no appeal.

On May 10, 1941, the plaintiff and petitioner herein moved for the execution of the judgment in so far as the same decreed the nullity of the foreclosure proceeding and of the auction sale, and asked that a writ be issued directing the marshal to put him in possession of the property under litigation. Upon the issuance of the writ, the marshal proceeded on May 17, 1941, to execute the same, giving possession of the property to Angel Santiago as the agent of Pedro José Santiago Mendoza and serving notice on the persons in charge of the property and on Pedro Ferrer who bought the property from the creditor bank.

On May 19, 1941, the Federal Land Bank moved to quash the writ directing the delivery of the possession of the property, and alleged that the same had been issued behind defendant's back and that its issuance was improper, on several legal grounds which we consider unnecessary to set forth in this opinion.

On May 28, 1941, this court dismissed as frivolous the appeal taken by Pedro José Santiago Mendoza from the judgment whereby he was ordered to pay the sum claimed in the cross complaint. On June 6, 1941, the marshal attached every title or interest of the plaintiff in the property the subject matter of the litigation. On June 18, 1941, on motion of the foreclosing bank, the lower court ordered the execution of the judgment and the sale at public auction of the property of Pedro José Santiago Mendoza. On July 11, 1941, Santiago Mendoza's interest in the property was awarded, after an auction sale, to the bank. On July 12, 1941, the marshal gave possession of the property to the bank and notified Santiago Mendoza.

On December 20, 1941, the bank being already in possession of the property pursuant to the award of the same to it at public auction on July 11, 1941, the lower court made an order granting the motion filed by the bank on May 19, 1941, to set aside the decision of May 13, 1941, by virtue of which Santiago Mendoza had been given possession of the property. On December 27, 1941, Santiago Mendoza, petitioner, instituted the present certiorari proceeding to review said order and three days afterwards filed the notice of appeal.

The present proceeding must be dismissed as being manifestly frivolous and academic. As we have seen, when the order appealed from was made on December 20, 1941, the bank was already in possession of the property by virtue of the sale and award to it at public auction of every title, right or interest of Pedro José Santiago Mendoza in the property. The order appealed from was absolutely unnecessary and could not at all affect any right of petitioner who had already forfeited all his rights upon execution of the judgment against him. It appears from the record that Pedro José Santiago Mendoza had been in possession of the property from May 17, 1941, to July 12, 1941, when the judgment

against him was executed. And that was all to which he was entitled, in accordance with our decision in *Cosme* v. *Márquez,* 49 P.R.R. 764.

The petition must be denied and the writ issued discharged.